IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| AUDREY M. ROBBINS, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 3:12-CV-63-CDL-MSH |
| | : | Social Security Appeal |
| CAROLYN COLVIN, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

_____

**REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for disability insurance benefits and supplemental security income, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this

court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2]  A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

twelve-month period.  42 U.S.C. ' 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. ' 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  *Id.*  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the AListing@).  *Id.*  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

**Administrative Proceedings**

Claimant applied for disability insurance benefits and supplemental security income on February 24, 2009, alleging disability as of December 31, 2008, due to mental disorders and degenerative disc disease. (Tr. 51; ECF No. 10.) Claimant's application was denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). The Claimant appeared before an ALJ for a hearing on April 4, 2011, and following the hearing, the ALJ issued an unfavorable decision on May 19, 2011. (Tr. 30-40.) The Appeals Council ultimately denied Claimant's Request for Review on September 16, 2011. (Tr. 12-15.) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date. (Tr. 32.) The ALJ found that Claimant had degenerative disc disease, bipolar disorder, and anxiety disorder, which were determined to be severe. (*Id.*) The ALJ then determined that Claimant's severe impairments did not meet or medically equal, either individually or any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

The ALJ next found that Claimant had the residual functional capacity (RFC) to perform medium work with the following limitations: she should not be exposed to hazards like ladders, unprotected heights or moving machinery; she is limited to simple, routine, repetitive tasks involving short, simple instructions in an environment with few workplace changes, no contact with the public, and only brief, infrequent contact with

supervisors and coworkers. (Tr. 34.) Based on her RFC and the medical evidence, the ALJ then determined that Claimant had no past relevant work. (Tr. 38.) The ALJ determined that Claimant was 53 years old at the time of the hearing, which is considered to be an individual closely approaching advanced age. (*Id.*) The ALJ further found that Claimant had a high school education and could communicate in English. (*Id.*) After consulting the Medical-Vocational Rules (GRIDS) and utilizing the testimony of a Vocational Expert ("VE"), the ALJ determined that Claimant was not disabled within the meaning of the Regulations and that there were jobs available which existed in significant numbers that Claimant could perform. (*Id.* at 39.)

## ISSUES

I. **Whether the ALJ erred in assessing the credibility of the Claimant.**

II. **Whether the ALJ erred in assessing Claimant's avoidant personality disorder.**

## DISCUSSION

I. **Did the ALJ err in assessing the credibility of the Claimant?**

Claimant's first issue alleges that the ALJ erred in evaluating her subjective allegations of pain. (Cl.'s Br. 9; ECF No. 11.) Specifically, Claimant contends that the ALJ failed to follow the directives of Social Security Ruling 96-7p in assessing her credibility. Claimant further argues that the ALJ, after finding that she had severe impairments, "failed to make any determinations regarding whether [Claimant's] medically determinable impairments could cause her symptoms or any indication that she considered the intensity, persistence, and limiting effects of [Claimant's] pain and other

limitations." (*Id.*)

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, she must first show "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotations and citations omitted).  Social Security Regulation 96-7p states in relevant part, that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Additionally, 20 C.F.R. § 404.1529(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory

findings), would lead to a conclusion that you are disabled.

The record reveals that the ALJ discussed Claimant's medical history and cited to medical evidence regarding the Claimant's allegations of the severity of her pain. (Tr. 33-35). The ALJ then referenced the pain standard. *Id.* The ALJ acknowledged the requirements and procedures she must follow in assessing Claimant's residual functional capacity, making specific reference to 20 C.F.R. § 404.1529 and Social Security Rulings 96-4p and 96-7p, as well as 20 C.F.R. § 20 C.F.R. § 404.1527 and Social Security Rulings 96-2p, 96-5p and 96-6p and 06-3p. *Id.*

"Although this circuit does not require an explicit finding as to credibility, ... the implication must be obvious to the reviewing court." *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir.1983). "The credibility determination does not need to cite 'particular phrases or formulations' but it cannot merely be a broad rejection which is 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole." *Foote*, 67 F.3d at 1561. While the ALJ did not specifically state how credible she found Claimant's allegations of pain to be in this case, the record reveals that the ALJ did consider Claimant's medical condition as a whole in assessing her credibility as is required in the Eleventh Circuit.

Applying the *Holt* test to this Claimant's pain allegations, the Court concludes that she failed to overcome the findings of the ALJ by establishing either that the medical evidence confirmed the severity of her pain or that her medical condition was so severe as to reflect the alleged pain. It is further found that the ALJ's credibility determination

was in compliance with prevailing Eleventh Circuit law.  Claimant cites to *Flowers v. Comm'r of Soc. Sec.,* which held that "[i]f the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective pain testimony requires ... that the testimony be accepted as true" in support of her argument.  *Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 742 (11th Cir. 2011).  In this case, the ALJ cited to the evidence and testimony of the Claimant to evaluate Claimant's credibility.  That credibility determination is logically inferred from her acknowledgement of Claimant's testimony, the medical opinions she reviewed and evaluated, as well as the medical evidence of record.  To remand this case for such a minor technicality would serve no purpose.

As noted above, the court may not decide facts, re-weigh evidence, or substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision.  In this case, although the ALJ did not make a specific finding as to Claimant's credibility, the Court was able to infer the ALJ's determinations as to her credibility by reviewing the ALJ's findings.  Thus, the ALJ applied the proper pain standard and supported her determinations with substantial evidence in the record.

## II. Did the ALJ err in determining Claimant's residual functional capacity?

Claimant also contends that the ALJ erred in failing to make a severity determination as to her avoidant personality disorder and further failed to evaluate its effect on her ability to perform work. (Cl.'s Br. 11.)

As noted above, at Step Two of the sequential process, the ALJ must determine whether a claimant's impairments are severe. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii). A severe impairment is one that significantly limits the claimant's ability to do basic work activities. *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir.1997). The Eleventh Circuit has repeatedly held that even if an ALJ errs in failing to determine whether one of a claimant's impairments was a severe impairment, the error is harmless as long as the ALJ concludes that any other of the claimant's impairments are severe, which is all that step two requires. *Heatly v. Comm'r of Soc. Sec.* 382 F. App'x 823, 824-25 (11th Cir. 2010). "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe. Instead, at step three, the ALJ is required to demonstrate that it has considered all of the claimant's impairments, whether severe or not, in combination." *Heatly*, 382 F. App'x at 825. Thus, the ALJ did not commit reversible error in failing to find that Claimant's avoidant personality disorder was severe.

As to Claimant's contention that the ALJ erred in failing to evaluate the impact her avoidant personality disorder had on her residual functional capacity, her claim must fail. Pursuant to 20 C.F.R. § 404.1545(a)(2), the ALJ is required to consider all of the

9

Claimant's impairments, including non-severe impairments, in determining a claimant's RFC. In *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1219 (11th Cir. 2001), the Eleventh Circuit held that remand is required when an ALJ "fails to consider properly a claimant's condition despite evidence in the record of the diagnosis."

In this case, the ALJ's findings reveal that she considered all of Claimant's impairments, whether severe or not, in determining their effect on Claimant's RFC. The ALJ acknowledged that Claimant had been diagnosed avoidant personality disorder, along with other mental impairments.[3] (Tr. 36.) The ALJ specifically found that "the Claimant has a documented mental impairment causing some limitations." (Tr. 38.) The ALJ then accounted for the diagnosis of avoidant personality disorder in her RFC determination by finding that "[Claimant] is limited to simple, routine, repetitive tasks involving short, simple instructions in an environment with few workplace changes, no contact with the public, and only brief, infrequent contact with supervisors and coworkers." Thus, the ALJ did not err in failing to find that Claimant's avoidant personality disorder was severe, nor did the ALJ err in failing to evaluate the effects of the disorder on her RFC.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is RECOMMENDED that the

---

[3] It should be noted that at the hearing in this matter, Claimant never specifically mentioned avoidant personality disorder as an impairment but merely referenced her impairments as a "mental disorder." (Tr. 51.) Further, as the Commissioner points out, the Claimant herself only referenced the diagnoses of generalized anxiety disorder and bipolar disorder at the hearing. (*Id.* at 49.)

10

Commissioner's decision in this case be AFFIRMED.  Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, the 27th day of August, 2013.

> S/ STEPHEN HYLES
> UNTED STATES MAGISTRATE JUDGE